David G. Barker (#024657)
dgbarker@swlaw.com
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, Arizona  85004-2202
Telephone:  602.382.6000
Facsimile:  602.382.6070

Roger Fulghum (*pro hac vice forthcoming*)
roger.fulghum@bakerbotts.com
BAKER BOTTS L.L.P.
One Shell Plaza
910 Louisiana Street
Houston, Texas 77002-4995
Facsimile:  (713) 229-2707
Telephone:  (713) 229-1707

Attorneys for Plaintiffs
ON Semiconductor Corporation
Semiconductor Components Industries, LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

ON Semiconductor Corporation; and
Semiconductor Components Industries,
LLC,

　　　　　　　　Plaintiffs;

v.

Power Integrations, Inc.,

　　　　　　　　Defendant.

No. _____

**COMPLAINT FOR PATENT
INFRINGEMENT AND
DECLARATORY JUDGMENT**

**(DEMAND FOR TRIAL BY JURY)**

Plaintiff ON Semiconductor Corporation and Semiconductor Components
Industries, LLC (collectively, "Plaintiffs") brings this civil action against Defendant
Power Integrations, Inc. ("Power Integrations") and hereby aver and complain as follows:

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona  85004-2202
602.382.6000

**THE PARTIES**

1.     Plaintiff ON Semiconductor Corporation is a Delaware corporation with its principal place of business at 5005 East McDowell Road, Phoenix, Arizona, 85008.

2.     Plaintiff Semiconductor Components Industries, LLC is a Delaware limited liability company with its principal place of business at 5005 East McDowell Road, Phoenix, Arizona, 85008.  Semiconductor Components Industries, LLC is the principal domestic operating subsidiary of ON Semiconductor Corporation and does business under the name of ON Semiconductor.  Plaintiffs design, manufacture, and market a comprehensive portfolio of semiconductor products, including AC-DC controllers and regulators.

3.     Upon information and belief, Defendant Power Integrations, Inc. is incorporated under the laws of the state of Delaware, and has a regular and established place of business at 5245 Hellyer Avenue, San Jose, California, 95138.  Power Integrations may be served through its registered agent at 5245 Hellyer Avenue, San Jose, California, 95138.

**JURISDICTION AND VENUE**

4.     This is action arises under the United States patent laws, 35 U.S.C. §§ 101, et seq., and includes a request for declaratory relief under 28 U.S.C. §§ 2201 and 2202.

5.     This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338, and 2201, and 35 U.S.C. § 1, et seq.

6.     Upon information and belief, Defendant Power Integrations is subject to personal jurisdiction in this judicial district at least because it has placed and continues to place products into the stream of commerce that are sold in this district, and has therefore purposefully availed itself of the privilege of conducting business in Arizona.

7.     Defendant Power Integrations also has sent at least one communication to Plaintiffs claiming infringement of Defendant Power Integrations's patents, which was an intentional act expressly aimed at Plaintiffs in Arizona, and Power Integrations knows that Plaintiffs are likely to suffer harm in Arizona as a result of Power Integrations's act.

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona  85004-2202
602.382.6000

8.     This action arises out of and relates to Defendant Power Integrations's actions, and it is therefore reasonable for the Court to exercise personal jurisdiction over Defendant Power Integrations.

9.     Venue is proper in the District of Arizona under each of 28 U.S.C. §§ 1391(b) and 1400(b).  Under 28 U.S.C. § 1391(c), Defendant Power Integrations is deemed to reside in the District of Arizona because Power Integrations is subject to this Court's personal jurisdiction with respect to this action.

**INFRINGEMENT OF PLAINTIFFS' PATENTS**

10.     Plaintiffs reallege and incorporate by reference each of Paragraphs 1-9 above.

11.     After a full and fair examination, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 6,333,624, entitled "Circuit and Method for a Switching Power Supply with Primary Side Transformer Sensing" (hereinafter, "the '624 patent") on December 25, 2001.  A true and correct copy of the '624 patent is attached as Exhibit A.

12.     After a full and fair examination, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 6,429,709, entitled "Power Converter and Method for Controlling" (hereinafter, "the '709 patent") on August 6, 2002.  A true and correct copy of the 709 patent is attached as Exhibit B.

13.     After a full and fair examination, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. RE39,933, entitled "Power Conversion Integrated Circuit and Method for Programming" (hereinafter, "the '933 patent") on December 4, 2007.  A true and correct copy of the '933 patent is attached as Exhibit C. The '933 patent is a reissue of U.S. Patent No. 5,859,768 ("the '768 patent") and claims 1-20 of the '768 patent also appear in claims 1-20 of the '933 patent.

14.     After a full and fair examination, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. RE41,908, entitled "Power Conversion

Snell & Wilmer

L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona  85004-2202
602.382.6000

Integrated Circuit and Method for Programming" (hereinafter, "the '908 patent") on November 2, 2010. A true and correct copy of the '908 patent is attached as Exhibit D.

15. After a full and fair examination, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. RE45,862, entitled "Power Conversion Integrated Circuit and Method for Programming" (hereinafter, "the '862 patent") on January 19, 2016. A true and correct copy of the '862 patent is attached as Exhibit E.

16. Plaintiffs own title and all rights to the '624, '709, '933, '768, '908, and '862 patents, including the right to prevent others from making, having made, using, offering for sale, importing, or selling products and services covered by those patents; the right to enforce those patents against Defendant Power Integrations; and the right to collect damages for all relevant times.

17. Defendant Power Integrations has offered and continues to offer infringing semiconductors, including but not limited to the LinkZero-LP series of integrated circuits, including those having product name LNK574/576, TOPSwitch-HX series of integrated circuits, LYTSwitch-4 integrated circuit, and InnoSwitch-CE integrated circuit, for sale, through intermediaries (including distributors, retailers, and others), in this district and elsewhere.

**EXISTENCE OF AN ACTUAL CONTROVERSY**

18. Plaintiffs reallege and incorporate by reference each of Paragraphs 1-17 above.

19. An actual controversy exists within the jurisdiction of this Court under 28 U.S.C. §§ 2201 and 2202.

20. On information and belief, Defendant Power Integrations is the owner of U.S. Patent No. 6,212,079, entitled "Method and Apparatus for Improving Efficiency in a Switching Regulator at Light Loads" ("the '079 patent"), by assignment from named inventors Balu Balakrishnan and Alex Djenguerian. The '079 patent bears an issuance date of April 3, 2001. A copy of the '079 patent is attached to this Complaint as Exhibit F.

21.     On information and belief, Defendant Power Integrations is the owner of U.S. Patent No. 6,249,876, entitled "Frequency Jittering Control for Varying the Switching Frequency of a Power Supply" ("the '876 patent"), by assignment from named inventors Balu Balakrishnan, Alex Djenguerian, and Leif Lund.  The '876 patent bears an issuance date of June 19, 2001.  A copy of the '876 patent is attached to this Complaint as Exhibit G.

22.     On information and belief, Defendant Power Integrations is the owner of U.S. Patent No. 8,115,457, entitled "Method and Apparatus for Implementing a Power Converter Input Terminal Voltage Discharge Circuit" ("the '457 patent"), by assignment from named inventors Balu Balakrishnan, David Kung, Raymond Kenneth Orr, and David Michael Hugh Matthews.  The '457 patent bears an issuance date of February 14, 2012.  A copy of the '457 patent is attached to this Complaint as Exhibit H.

23.     Defendant Power Integrations has accused Plaintiffs of infringing the '079,'876, and '457 patents.  Specifically, Balu Balakrishnan, President and CEO of Power Integrations and named inventor on some of the patents-in-suit, sent an e-mail to Keith Jackson, President and Chief Executive Officer of Plaintiffs alleging that Plaintiffs infringe the '079, '457, and '876 patents in connection with its manufacture, sale, and/or offers to sell Plaintiffs' AC-DC controller with the model number NCP1246.  A copy of the text of the e-mail (with e-mail addresses redacted) is attached to this Complaint as Exhibit I.

24.     Defendant Power Integrations has a history of asserting the patents-in-suit.  *See, e.g.*, *Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, Case No. 1:04-CV-1371 (D. Del. filed Oct. 20, 2004) (asserting the '876 patent); *Power Integrations, Inc. v. Fairchild Semiconductor, Int'l Inc.*, Case No. 1:08-CV-0309 (D. Del. filed May 23, 2008) (asserting the '876 patent); *Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, Case No. 3:09-CV-05235 (N.D. Cal. filed Nov. 4, 2009) (asserting the '079 patent); *Fairchild Semiconductor Corporation v. Power Integrations, Inc.*, Case No. 1:12-CV-00540 (D. Del. filed May 1, 2012) (asserting the '457 patent); and *Power*

*Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc. et al.*, Case No. 3:15-CV-04854 (N.D. Cal. filed October 21, 2015) (asserting the '079 and '876 patents).

25.     Defendant Power Integrations also filed a complaint with the International Trade Commission alleging infringement of the '079 patent.  *In the Matter of Certain Power Supply Controllers and Products Containing Same,* No. 337-TA-541 (Int'l Trade Comm'n 2005).

26.     In light of the specific allegation of infringement in Mr. Balakrishnan's e-mail, and Defendant Power Integrations's history of filing suit for patent infringement against other semiconductor companies, the circumstances show a substantial controversy between parties with adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.  Therefore, an actual controversy within this Court's jurisdiction exists under 28 U.S.C. § 2201.

**COUNT ONE**

**INFRINGEMENT OF U.S. PATENT NO. 6,333,624**

27.     Plaintiffs repeat and re-allege each and every allegation of paragraphs 1-26 as though fully set forth herein.

28.     The '624 patent is valid and enforceable.

29.     Defendant Power Integrations has at no time, expressly or impliedly, been licensed under the '624 patent.

30.     Upon information and belief, Defendant Power Integrations has been and is now directly infringing, literally or under the doctrine of equivalents, one or more claims of the '624 patent through at least the acts of making, using, selling, offering for sale, and/or importing in the United States infringing power supply controllers that include the features of one or more claims of the '624 patent.  More particularly, and without limitation, Power Integrations's LinkZero-LP series of integrated circuits, including those having product name LNK574/576, infringe at least claim 6 of the '624 patent.

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
602.382.6000

31.     Upon information and belief, Defendant Power Integrations has been and is now actively inducing infringement of one or more claims of the '624 patent, either literally or under the doctrine of equivalents.

32.     Power Integrations has known of the '624 patent since at least September 25, 2014.

33.     On information and belief, Power Integrations has intended, and continues to intend, to induce patent infringement by third parties and has knowledge that the inducing acts would cause infringement or has been willfully blind to the possibility that its inducing acts would cause infringing acts.  For example, Power Integrations is aware that the features claimed in the '624 patent are features of the power supply controller products and are necessarily used by purchasers of the power supply controller products and, therefore, that Power Integrations's customers will infringe the '624 patent by using the power supply controller products or incorporating the power supply controller products in other products, and that subsequent sales of such products would also be a direct infringement.  More particularly, and without limitation, Power Integrations is aware that the features claimed in the '624 patent are present in the LinkZero-LP series of integrated circuits, including those having product name LNK574/576, and that such features are necessarily used by purchasers of the LinkZero-LP series of integrated circuits and, therefore, that Power Integrations's customers will infringe the '624 patent by using the LinkZero-LP series of integrated circuits or incorporating the LinkZero-LP series of integrated circuits in other products, and that subsequent sales of such products would also be a direct infringement.

34.     On information and belief, Power Integrations has been and is now contributing to the infringement of the '624 patent, either literally or under the doctrine of equivalents.

35.     On information and belief, Power Integrations has been aware, since first learning of the '624 patent, that its power supply controllers that include the claimed features of the '624 patent are a material part of the patented invention, are not a staple

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
602.382.6000

- 7 -

article or commodity of commerce suitable for substantial non-infringing use, and are especially made and/or adapted for use in infringing the '624 patent, at least because the claimed features of the '624 patent are necessarily used by purchasers of its power supply controllers.  More particularly, and without limitation, Power Integrations is aware that the LinkZero-LP series of integrated circuits, including those having product name LNK574/576, are a material part of the patented invention, are not a staple article or commodity of commerce suitable for substantial non-infringing use, and are especially made and/or adapted for use in infringing the '624 patent, at least because the claimed features of the '624 patent are necessarily used by purchasers of its power supply controllers.

36.    On information and belief, Power Integrations's customers have in fact directly infringed the '624 patent by making, using, offering to sell, selling, and importing in the United States infringing devices that incorporate a Power Integrations power supply controller chip that includes the claimed features of the '624 patent.  These devices meet each and every limitation of at least one claim of the '624 patent either literally or equivalently. Power Integrations has knowledge of these infringing uses by its customers. Specifically, and without limitation, Power Integrations's customers have directly infringed the '624 patent by making, using, offering to sell, selling, and importing in the United States the LinkZero-LP series of integrated circuits, including those having product name LNK574/576.

37.    Plaintiffs have been irreparably harmed by Defendant Power Integrations's infringement of the '624 patent and will continue to be harmed unless and until Defendant Power Integrations's infringement is enjoined by this Court.

38.    Power Integrations's infringement of the '624 has been willful as Power Integrations has had knowledge of the '624 since at least September 2014.

39.    As a result of Defendant Power Integrations's infringement, Plaintiffs have suffered and will continue to suffer damages in an amount to be proved at trial.

**COUNT TWO**

**INFRINGEMENT OF U.S. PATENT NO. 6,429,709**

40.    Plaintiffs repeat and re-allege each and every allegation of paragraphs 1-39 as though fully set forth herein.

41.    The '709 patent is valid and enforceable.

42.    Defendant Power Integrations has at no time, expressly or impliedly, been licensed under the '709 patent.

43.    Upon information and belief, Defendant Power Integrations has been and is now directly infringing, literally or under the doctrine of equivalents, one or more claims of the '709 patent through at least the acts of making, using, selling, offering for sale, and/or importing in the United States infringing power supply controllers that include the features of one or more claims of the '709 patent.  More particularly, and without limitation, Power Integrations's LinkZero-LP series of integrated circuits, including those having product name LNK574/576, infringe at least claim 12 of the '709 patent.

44.    Upon information and belief, Defendant Power Integrations has been and is now actively inducing infringement of one or more claims of the '709 patent, either literally or under the doctrine of equivalents.

45.    Power Integrations has known of the '709 patent since at least September 25, 2014.

46.    On information and belief, Power Integrations has intended, and continues to intend, to induce patent infringement by third parties and has knowledge that the inducing acts would cause infringement or has been willfully blind to the possibility that its inducing acts would cause infringing acts.  For example, Power Integrations is aware that the features claimed in the '709 patent are features of the power supply controller products and are necessarily used by purchasers of the power supply controller products and, therefore, that Power Integrations's customers will infringe the '709 patent by using the power supply controller products or incorporating the power supply controller products in other products, and that subsequent sales of such products would also be a

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona  85004-2202
602.382.6000

direct infringement.  More particularly, and without limitation, Power Integrations is aware that the features claimed in the '709 patent are present in the LinkZero-LP series of integrated circuits, including those having product name LNK574/576, and that such features are necessarily used by purchasers of the LinkZero-LP series of integrated circuits and, therefore, that Power Integrations's customers will infringe the '709 patent by using the LinkZero-LP series of integrated circuits or incorporating the LinkZero-LP series of integrated circuits in other products, and that subsequent sales of such products would also be a direct infringement.

47.     On information and belief, Power Integrations has been and is now contributing to the infringement of the '709 patent, either literally or under the doctrine of equivalents.

48.     On information and belief, Power Integrations has been aware, since first learning of the '709 patent, that its power supply controllers that include the claimed features of the '709 patent are a material part of the patented invention, are not a staple article or commodity of commerce suitable for substantial non-infringing use, and are especially made and/or adapted for use in infringing the '709 patent, at least because the claimed features of the '709 patent are necessarily used by purchasers of its power supply controllers.  More particularly, and without limitation, Power Integrations is aware that the LinkZero-LP series of integrated circuits, including those having product name LNK574/576, are a material part of the patented invention, are not a staple article or commodity of commerce suitable for substantial non-infringing use, and are especially made and/or adapted for use in infringing the '709 patent, at least because the claimed features of the '709 patent are necessarily used by purchasers of its power supply controllers.

49.     On information and belief, Power Integrations's customers have in fact directly infringed the '709 patent by making, using, offering to sell, selling, and importing in the United States infringing devices that incorporate a Power Integrations power supply controller chip that includes the claimed features of the '709 patent.  These devices meet

each and every limitation of at least one claim of the '709 patent either literally or equivalently. Power Integrations has knowledge of these infringing uses by its customers. Specifically, and without limitation, Power Integrations's customers have directly infringed the '709 patent by making, using, offering to sell, selling, and importing in the United States the LinkZero-LP series of integrated circuits, including those having product name LNK574/576.

50.     Plaintiffs have been irreparably harmed by Defendant Power Integrations's infringement of the '709 patent and will continue to be harmed unless and until Defendant Power Integrations's infringement is enjoined by this Court.

51.     Power Integrations's infringement of the '709 has been willful as Power Integrations has had knowledge of the '709 since at least September 2014.

52.     As a result of Defendant Power Integrations's infringement, Plaintiffs have suffered and will continue to suffer damages in an amount to be proved at trial.

## COUNT THREE

## INFRINGEMENT OF U.S. PATENT NO. RE39,933

53.     Plaintiffs repeat and re-allege each and every allegation of paragraphs 1-52 as though fully set forth herein.

54.     The '933 patent is valid and enforceable.

55.     Defendant Power Integrations has at no time, expressly or impliedly, been licensed under the '933 patent.

56.     Upon information and belief, Defendant Power Integrations has been and is now directly infringing, literally or under the doctrine of equivalents, one or more claims of the '933 patent through at least the acts of making, using, selling, offering for sale, and/or importing in the United States infringing power supply controllers that include the features of one or more claims of the '933 patent.  More particularly, and without limitation, Power Integrations's TOPSwitch-HX series of integrated circuits infringe at least claim 14 of the '933 patent.

57.    Upon information and belief, Defendant Power Integrations has been and is now actively inducing infringement of one or more claims of the '933 patent, either literally or under the doctrine of equivalents.

58.    Power Integrations has known of the '768 patent, including claims 1-20 of the '768 patent, since at least August 2007.  The '768 patent has been cited as a reference in at least eight issued patents of Power Integrations, the first of which issued on August 7, 2007.  Because the '933 patent includes claims 1-20 of the '768 patent, Power Integrations has known of claims 1-20 of the '933 patent since at least August 7, 2007 and has known of the remainder of the claims '933 patent since the filing date of this lawsuit.

59.    On information and belief, Power Integrations has intended, and continues to intend, to induce patent infringement by third parties and has knowledge that the inducing acts would cause infringement or has been willfully blind to the possibility that its inducing acts would cause infringing acts.  For example, Power Integrations is aware that the features claimed in the '933 patent are features of the power supply controller products and are necessarily used by purchasers of the power supply controller products and, therefore, that Power Integrations's customers will infringe the '933 patent by using the power supply controller products or incorporating the power supply controller products in other products, and that subsequent sales of such products would also be a direct infringement.  More particularly, and without limitation, Power Integrations is aware that the features claimed in the '933 patent are present in the TOPSwitch-HX series of integrated circuits and that such features are necessarily used by purchasers of the TOPSwitch-HX series of integrated circuits and, therefore, that Power Integrations's customers will infringe the '933 patent by using the TOPSwitch-HX series of integrated circuits or incorporating the TOPSwitch-HX series of integrated circuits in other products, and that subsequent sales of such products would also be a direct infringement.

60.    On information and belief, Power Integrations has been and is now contributing to the infringement of the '933 patent, either literally or under the doctrine of equivalents.

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
602.382.6000

61.   On information and belief, Power Integrations has been aware, since first learning of the '933 patent, that its power supply controllers that include the claimed features of the '933 patent are a material part of the patented invention, are not a staple article or commodity of commerce suitable for substantial non-infringing use, and are especially made and/or adapted for use in infringing the '933 patent, at least because the claimed features of the '933 patent are necessarily used by purchasers of its power supply controllers.  More particularly, and without limitation, Power Integrations is aware that the TOPSwitch-HX series of integrated circuits are a material part of the patented invention, are not a staple article or commodity of commerce suitable for substantial non-infringing use, and are especially made and/or adapted for use in infringing the '933 patent, at least because the claimed features of the '933 patent are necessarily used by purchasers of its power supply controllers.

62.   On information and belief, Power Integrations's customers have in fact directly infringed the '933 patent by making, using, offering to sell, selling, and importing in the United States infringing devices that incorporate a Power Integrations power supply controller chip that includes the claimed features of the '933 patent.  These devices meet each and every limitation of at least one claim of the '933 patent either literally or equivalently. Power Integrations has knowledge of these infringing uses by its customers. Specifically, and without limitation, Power Integrations's customers have directly infringed the '933 patent by making, using, offering to sell, selling, and importing in the United States the TOPSwitch-HX series of integrated circuits.

63.   Plaintiffs have been irreparably harmed by Defendant Power Integrations's infringement of the '933 patent and will continue to be harmed unless and until Defendant Power Integrations's infringement is enjoined by this Court.

64.   As a result of Defendant Power Integrations's infringement, Plaintiffs have suffered and will continue to suffer damages in an amount to be proved at trial.

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
602.382.6000

**COUNT FOUR**

**INFRINGEMENT OF U.S. PATENT NO. RE41,908**

65.    Plaintiffs repeat and re-allege each and every allegation of paragraphs 1-64 as though fully set forth herein.

66.    The '908 patent is valid and enforceable.

67.    Defendant Power Integrations has at no time, expressly or impliedly, been licensed under the '908 patent.

68.    Upon information and belief, Defendant Power Integrations has been and is now directly infringing, literally or under the doctrine of equivalents, one or more claims of the '908 patent through at least the acts of making, using, selling, offering for sale, and/or importing in the United States infringing power supply controllers that include the features of one or more claims of the '908 patent.  More particularly, and without limitation, Power Integrations's LYTSwitch-4 integrated circuit infringes at least claim 26 of the '908 patent.

69.    Upon information and belief, Defendant Power Integrations has been and is now actively inducing infringement of one or more claims of the '908 patent, either literally or under the doctrine of equivalents.

70.    Power Integrations has known of the '908 patent since the filing date of this lawsuit.

71.    On information and belief, Power Integrations has intended, and continues to intend, to induce patent infringement by third parties and has knowledge that the inducing acts would cause infringement or has been willfully blind to the possibility that its inducing acts would cause infringing acts.  For example, Power Integrations is aware that the features claimed in the '908 patent are features of the power supply controller products and are necessarily used by purchasers of the power supply controller products and, therefore, that Power Integrations's customers will infringe the '908 patent by using the power supply controller products or incorporating the power supply controller products in other products, and that subsequent sales of such products would also be a

direct infringement.  More particularly, and without limitation, Power Integrations is aware that the features claimed in the '908 patent are present in the LYTSwitch-4 integrated circuit and that such features are necessarily used by purchasers of the LYTSwitch -4 integrated circuit and, therefore, that Power Integrations's customers will infringe the '908 patent by using the LYTSwitch -4 integrated circuit or incorporating the LYTSwitch -4 integrated circuit in other products, and that subsequent sales of such products would also be a direct infringement.

72.    On information and belief, Power Integrations has been and is now contributing to the infringement of the '908 patent, either literally or under the doctrine of equivalents.

73.    On information and belief, Power Integrations has been aware, since first learning of the '908 patent, that its power supply controllers that include the claimed features of the '908 patent are a material part of the patented invention, are not a staple article or commodity of commerce suitable for substantial non-infringing use, and are especially made and/or adapted for use in infringing the '908 patent, at least because the claimed features of the '908 patent are necessarily used by purchasers of its power supply controllers.  More particularly, and without limitation, Power Integrations is aware that the LYTSwitch -4 integrated circuit are a material part of the patented invention, are not a staple article or commodity of commerce suitable for substantial non-infringing use, and are especially made and/or adapted for use in infringing the '908 patent, at least because the claimed features of the '908 patent are necessarily used by purchasers of its power supply controllers.

74.    On information and belief, Power Integrations's customers have in fact directly infringed the '908 patent by making, using, offering to sell, selling, and importing in the United States infringing devices that incorporate a Power Integrations power supply controller chip that includes the claimed features of the '908 patent.  These devices meet each and every limitation of at least one claim of the '908 patent either literally or equivalently. Power Integrations has knowledge of these infringing uses by its customers.

Snell & Wilmer

L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
602.382.6000

Specifically, and without limitation, Power Integrations's customers have directly infringed the '908 patent by making, using, offering to sell, selling, and importing in the United States the LYTSwitch -4 integrated circuit.

75.     Plaintiffs have been irreparably harmed by Defendant Power Integrations's infringement of the '908 patent and will continue to be harmed unless and until Defendant Power Integrations's infringement is enjoined by this Court.

76.     As a result of Defendant Power Integrations's infringement, Plaintiffs have suffered and will continue to suffer damages in an amount to be proved at trial.

**COUNT FIVE**

**INFRINGEMENT OF U.S. PATENT NO. RE45,862**

77.     Plaintiffs repeat and re-allege each and every allegation of paragraphs 1-76 as though fully set forth herein.

78.     The '862 patent is valid and enforceable.

79.     Defendant Power Integrations has at no time, expressly or impliedly, been licensed under the '862 patent.

80.     Upon information and belief, Defendant Power Integrations has been and is now directly infringing, literally or under the doctrine of equivalents, one or more claims of the '862 patent through at least the acts of making, using, selling, offering for sale, and/or importing in the United States infringing power supply controllers that include the features of one or more claims of the '862 patent.  More particularly, and without limitation, Power Integrations's InnoSwitch-CE integrated circuit infringes at least claim 34 of the '862 patent.

81.     Upon information and belief, Defendant Power Integrations has been and is now actively inducing infringement of one or more claims of the '862 patent, either literally or under the doctrine of equivalents.

82.     Power Integrations has known of the '862 patent since the filing date of this lawsuit.

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
602.382.6000

83.     On information and belief, Power Integrations has intended, and continues to intend, to induce patent infringement by third parties and has knowledge that the inducing acts would cause infringement or has been willfully blind to the possibility that its inducing acts would cause infringing acts.  For example, Power Integrations is aware that the features claimed in the '862 patent are features of the power supply controller products and are necessarily used by purchasers of the power supply controller products and, therefore, that Power Integrations's customers will infringe the '862 patent by using the power supply controller products or incorporating the power supply controller products in other products, and that subsequent sales of such products would also be a direct infringement.  More particularly, and without limitation, Power Integrations is aware that the features claimed in the '862 patent are present in the InnoSwitch-CE integrated circuit and that such features are necessarily used by purchasers of the InnoSwitch-CE integrated circuit and, therefore, that Power Integrations's customers will infringe the '862 patent by using the InnoSwitch-CE integrated circuit or incorporating the InnoSwitch-CE integrated circuit in other products, and that subsequent sales of such products would also be a direct infringement.

84.     On information and belief, Power Integrations has been and is now contributing to the infringement of the '862 patent, either literally or under the doctrine of equivalents.

85.     On information and belief, Power Integrations has been aware, since first learning of the '862 patent, that its power supply controllers that include the claimed features of the '862 patent are a material part of the patented invention, are not a staple article or commodity of commerce suitable for substantial non-infringing use, and are especially made and/or adapted for use in infringing the '862 patent, at least because the claimed features of the '862 patent are necessarily used by purchasers of its power supply controllers.  More particularly, and without limitation, Power Integrations is aware that the InnoSwitch-CE integrated circuit is a material part of the patented invention, are not a staple article or commodity of commerce suitable for substantial non-infringing use, and

1    are especially made and/or adapted for use in infringing the '862 patent, at least because
2    the claimed features of the '862 patent are necessarily used by purchasers of its power
3    supply controllers.

4         86.    On information and belief, Power Integrations's customers have in fact
5    directly infringed the '862 patent by making, using, offering to sell, selling, and importing
6    in the United States infringing devices that incorporate a Power Integrations power supply
7    controller chip that includes the claimed features of the '862 patent.  These devices meet
8    each and every limitation of at least one claim of the '862 patent either literally or
9    equivalently. Power Integrations has knowledge of these infringing uses by its customers.
10   Specifically, and without limitation, Power Integrations's customers have directly
11   infringed the '862 patent by making, using, offering to sell, selling, and importing in the
12   United States the InnoSwitch-CE integrated circuit.

13        87.    Plaintiffs have been irreparably harmed by Defendant Power Integrations's
14   infringement of the '862 patent and will continue to be harmed unless and until Defendant
15   Power Integrations's infringement is enjoined by this Court.

16        88.    As a result of Defendant Power Integrations's infringement, Plaintiffs have
17   suffered and will continue to suffer damages in an amount to be proved at trial.

18        89.    With respect to Counts I-V above, Plaintiffs have either complied with the
19   marking requirements or provided actual notice to Power Integrations as required by 35
20   U.S.C. § 287.

21                              **COUNT SIX**
22        **DECLARATORY JUDGMENT OF NONINFRINGEMENT OF**
23                          **THE '079 PATENT**

24        90.    Plaintiffs reallege and reincorporate herein by reference Paragraphs 1-89
25   above.

26        91.    Plaintiffs have not directly infringed, contributorily infringed, or induced
27   infringement of any claim of the '079 patent, and do not directly infringe, contributorily

28

Snell & Wilmer

L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona  85004-2202
602.382.6000

infringe, or induce infringement of any claim of the '079 patent, either literally or under the doctrine of equivalents.

92. Plaintiffs are being damaged by Defendant Power Integrations's false accusations of infringement of the '079 patent. Consequently, an actual and justiciable controversy exists between Plaintiffs and Defendant Power Integrations concerning Plaintiffs' noninfringement of the '079 patent.

93. Plaintiffs are entitled to a declaration pursuant to 28 U.S.C. § 2201 stating that Plaintiffs have not infringed and do not infringe, directly or indirectly, any claim of the '079 patent, either literally or under the doctrine of equivalents.

## COUNT SEVEN

## DECLARATORY JUDGMENT OF NONINFRINGEMENT OF

## THE '876 PATENT

94. Plaintiffs reallege and reincorporate herein by reference Paragraphs 1-93 above.

95. Plaintiffs have not directly infringed, contributorily infringed, or induced infringement of any claim of the '876 patent, and do not directly infringe, contributorily infringe, or induce infringement of any claim of the '876 patent, either literally or under the doctrine of equivalents.

96. Plaintiffs are being damaged by Defendant Power Integrations's false accusations of infringement of the '876 patent. Consequently, an actual and justiciable controversy exists between Plaintiffs and Defendant Power Integrations concerning Plaintiffs' noninfringement of the '876 patent.

97. Plaintiffs are entitled to a declaration pursuant to 28 U.S.C. § 2201 stating that Plaintiffs have not infringed and do not infringe, directly or indirectly, any claim of the '876 patent, either literally or under the doctrine of equivalents.

**COUNT EIGHT**

**DECLARATORY JUDGMENT OF NONINFRINGEMENT OF**

**THE '457 PATENT**

98.     Plaintiffs reallege and reincorporate herein by reference Paragraphs 1-97 above.

99.     Plaintiffs have not directly infringed, contributorily infringed, or induced infringement of any claim of the '457 patent, and do not directly infringe, contributorily infringe, or induce infringement of any claim of the '457 patent, either literally or under the doctrine of equivalents.

100.    Plaintiffs are being damaged by Defendant Power Integrations's false accusations of infringement of the '457 patent.  Consequently, an actual and justiciable controversy exists between Plaintiffs and Defendant Power Integrations concerning Plaintiffs' noninfringement of the '457 patent.

101.    Plaintiffs are entitled to a declaration pursuant to 28 U.S.C. § 2201 stating that Plaintiffs have not infringed and do not infringe, directly or indirectly, any claim of the '457 patent, either literally or under the doctrine of equivalents.

**DEMAND FOR JURY**

102.    Plaintiffs request a jury trial for this matter under Rule 38, Federal Rules of Civil Procedure.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment as follows:

1.     That Plaintiffs are the owner of all right, title, and interest in and to the '624, '709, '933, '908, and '862 patents, together with all the rights of recovery under such patents for past and future infringements thereof.

2.     That Defendant Power Integrations has infringed the '624, '709, '933, '908, and '862 patents.

3.     That the '624, '709, '933, '908, and '862 patents are valid and enforceable.

1    4.    Awarding to Plaintiffs their damages caused by Defendant Power

2    Integrations's infringement, including an assessment of pre-judgment and post-judgment

3    interest and costs.

4    5.    Entering a permanent injunction against Defendant Power Integrations, its

5    officers, agents, servants, employees, attorneys, all parent and subsidiary corporations and

6    affiliates, their assigns and successors in interest, and those persons in active concert or

7    participation with any of them who receive notice of the injunction, enjoining them from

8    continuing acts of infringement of the '624, '709, '933, '908, and '862 patents, including,

9    without limitation, from continuing to make, use, sell, offer for sale, or import infringing

10   semiconductors or products including such semiconductors.

11   6.    That this is an exceptional case and awarding to Plaintiffs their costs,

12   expenses, and reasonable attorneys' fees pursuant to 35 U.S.C. § 285.

13   7.    In the event a permanent injunction preventing future acts of infringement is

14   not entered, that Plaintiffs be awarded a compulsory ongoing licensing fee, including any

15   necessary post-verdict accounting.

16   8.    That Plaintiffs have not directly infringed, contributorily infringed, or

17   induced infringement of any claim of the '079, '876, and '457 patents, and do not directly

18   infringe, contributorily infringe, or induce infringement of any claim of the '079,'876, and

19   '457 patents.

20   9.    Awarding to Plaintiffs such other and further relief as this Court may deem

21   just and proper.

22

23

24

25

26

27

28

1

2    DATED this 11th day of August, 2016.

3                                                SNELL & WILMER L.L.P.

4                                    By:s/David G. Barker
                                           David G. Barker
5

6                                          BAKER BOTTS L.L.P.

7                                          Roger Fulghum

8                                          Attorneys For Plaintiffs
                                           ON Semiconductor Corporation
9                                          Semiconductor Components Industries,
                                           LLC
10

11   24645368

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28